UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLIFFORD EPPERSON, SR., | Case No. 2:12-cv-02173-MMD-GWF |
| Plaintiff, | ORDER |
| v. | |
| HENDERSON DETENTION CENTER, | |
| Defendants. | |

This prisoner civil rights matter comes before the Court for initial review under 28 U.S.C. § 1915A as well as on multiple motions (dkt. nos. 9, 17-19 & 22-27) and multiple fugitive filings (dkt. nos. 12, 21, 28-29, 31 & 33) by plaintiff. The initial partial filing fee has been paid. (Dkt. no. 30.)

**I.  SCREENING**

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the

plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009). That is, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint (dkt. no. 1-1), plaintiff Clifford Epperson seeks damages and injunctive relief from the Henderson Detention Center, the "Medical Dept. Etc. All," and Dr. Saaveda.

Plaintiff alleges that medical personnel at the detention center have failed to properly examine him and adequately treat his hepatitis C, kidney problems, spinal problems, and diabetes. According to the complaint, Dr. Saaveda denied plaintiff a liver injection after examining him, stating that there was nothing wrong with him.

Subsequently, on December 14, 2012, Dr. Saaveda had a blood draw analysis performed, told plaintiff only that his calcium was high, and again refused to treat his liver and kidneys with injections. Plaintiff alleges that the medical staff has refused to order his medical records from Valley Hospital showing his conditions and the necessary treatment prescribed for the conditions, including liver injections, kidney medication, and pain medication for his spinal condition. According to the complaint, Dr. Saaveda stated "that he wasn't going to treat me off of known past records and will not give me [an] injection." Plaintiff alleges that he is in constant pain almost on a daily basis.

Plaintiff alleges in Count I that he has been subject to a deprivation of unspecified "rights under color of law" under 42 U.S.C. § 1983. He alleges in Count II that the defendants have violated duties under 18 U.S.C. §§ 4001 and 4042 to provide proper medical care to a jailed prisoner and also have constitutional duties to do so, including under the Eighth Amendment. Plaintiff requests "[t]o be released from custody due to the seriousness of my medical problems," monetary damages, and for the doctors and nurses of the medical department "to be held accountable" for their alleged failure to adequately treat his conditions.

At the outset, the complaint does not state a viable claim against either the Henderson Detention Center or the "Medical Dept. Etc. All." The Henderson Detention Center merely is a building or facility. It is not a juridical person subject to being sued. Similarly, the "Medical Dept. Etc. All." is not a juridical person subject to being sued.

The complaint further states no claim for relief under 18 U.S.C. §§ 4001 and 4042. First, on their face, these provisions concern the custody of federal prisoners, not state prisoners in a local detention center. Second, the provisions do not provide a basis for a private civil action. *See, e.g., Williams v. United States*, 405 F.2d 951 (9th Cir. 1969).

///

///

Read liberally, the complaint potentially could state a claim for relief under the Eighth Amendment and/or the Due Process Clause of the Fourteenth Amendment.[1]

In order to state a claim for relief for deliberate indifference to serious medical needs, the plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *See, e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must show that the official was "(a) *subjectively aware* of the serious medical need and (b) failed adequately to respond." *Id.* (*quoting* prior authority, with emphasis in original). Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).

Read liberally, the complaint potentially could state a claim for relief against Dr. Saaveda based upon the allegations that he, along with other medical personnel, refused to obtain plaintiff's available prior medical records in considering plaintiff's appropriate level of care, despite his multiple requests that they do so. The Court emphasizes, however, that if the treating physician at the jail reviews, or has reviewed, plaintiff's prior medical records and simply has come to a different conclusion regarding the appropriate course of care for plaintiff's alleged conditions, then plaintiff likely would not be able to prevail on such a claim.

///

---

[1] From the other papers on file, it appears that plaintiff is serving a sentence at the jail. The relevant standards in any event are substantially the same with regard to the requirements of the Fourteenth Amendment applicable to the medical care provided to pretrial detainees and the requirements of the Eighth Amendment applicable to the medical care provided to inmates serving a sentence.

4

Plaintiff, however, names Dr. Saaveda only in his official capacity. A plaintiff may not recover damages from a local officer named in his official capacity unless the officer's actions were taken pursuant to an official policy, custom or practice of the local government entity. *See, e.g., Butler v. Elle*, 281 F.3d 1014, 1026 n.9 (9th Cir. 2002). Plaintiff includes no allegations of actual fact that would tend to establish that Dr. Saaveda's actions were taken pursuant to an official policy, custom or practice of Henderson or the jail. He makes no allegations of any nature in this regard. The complaint fails to state a claim for relief against Dr. Saaveda in his official capacity for damages.

Nor does the claim for injunctive relief, which seeks plaintiff's release from custody, present a claim upon which relief may be granted. A claim necessarily challenging the validity of an inmate's confinement or the duration thereof is not cognizable in a civil rights action unless the inmate has, for example, secured a holding in a post-conviction or habeas proceeding that the continued confinement is unconstitutional. *See, e.g, Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff therefore may not obtain an order directing that he be released from custody on account of his medical conditions or the alleged inadequacy of his medical care. The Court does not read plaintiff's entire complaint, however, as necessarily challenging the validity or duration of his confinement. Other than the specific request for release from confinement in the prayer, plaintiff's allegations of inadequate medical care otherwise do not necessarily call into question the validity or duration of his confinement.

The Court will dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted on the current allegations and prayer, subject to an opportunity to amend to correct the deficiencies identified in this order, if possible.

## II.  MOTIONS FOR TEMPORARY OR PRELIMINARY INJUNCTIVE RELIEF

In his first motion (dkt. no. 9) for an injunction order, plaintiff alleges: (a) that he has been placed in a "lock-up cell" monitored continuously by a surveillance camera with which female medical staff and officers can see plaintiff "buck naked" using the

toilet "for no reason at all;" (b) that plaintiff had left Nevada for three years with no legal problems but he then was arrested when he returned to visit his 85 year-old mother on a warrant that was three years old and was "harmless" because the store had not suffered any loss from the petit larceny three years before; (c) that jail officials, the presiding state court judge, and the public defender thereafter inappropriately "kangarooed" plaintiff into an alcohol and drug program without checking his mental health status or consulting anyone; (d) that plaintiff did not receive adequate medical care for his conditions while in the program such that plaintiff ultimately walked away from the program and sought medical care; and (e) that the six-month sentence that the presiding judge subsequently imposed was harsh, discriminatory, uncalled for, and personal rather than professional.  Plaintiff prays that "the defendants" be ordered to grant his immediate release from custody so that he may seek adequate medical care and/or that the Court appoint counsel.

In his second motion (dkt. no. 26) for a restraining order plaintiff alleges that a custodial officer refused to give him more grievance forms, and he further makes allegations regarding contact with his family or regarding family members although it is not clear to what plaintiff is referring.  Other than a request that the Court accept a lesser amount for the initial partial filing fee, it is not clear exactly what injunctive relief plaintiff specifically wishes for the Court to order.

The requests for injunctive relief will be denied.  Plaintiff may not seek injunctive relief regarding alleged circumstances going beyond the pleadings.  The complaint, at best, presents a possibly actionable claim only against Dr. Saaveda for alleged deliberate indifference to alleged serious medical needs.  The myriad alleged factual circumstances described in the motions go far beyond the circumstances alleged and the party named in the pleadings and those circumstances are not properly before the Court.  This action will not serve as a clearinghouse for all of plaintiff's disputes with state and local officials raised by serial motions, letters, and copies of grievances filed in the record in this case.  If the allegations and claims referred to other requests for relief

filed in the record are not contained in properly-presented pleadings, they will be disregarded. Moreover, in all events, plaintiff may not challenge the validity of his conviction or confinement in this matter, and the Court will not order his release from custody in this action. *See Heck, supra.*

Plaintiff further has not satisfied the procedural requirements of Rule 65(b)(1) for the issuance of a temporary restraining order without notice to the adverse party.

To the extent that the motions include requests for appointment of counsel or for waiver of payment of the full amount of the initial partial filing fee, those requests are discussed below.

## III.   REQUESTS FOR APPOINTMENT OF COUNSEL

Plaintiff presents multiple requests for appointment of counsel, including in multiple motions (dkt. nos. 9 & 19).

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)(*en banc*). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Yet the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. United States District Court*, 490 U.S. 296 (1989). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *E.g., Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.* Neither of these factors is determinative and both must be viewed together before reaching a decision. *Id.*

The Court does not find that exceptional circumstances warrant requesting a private attorney to voluntarily represent plaintiff in this matter. At present, the complaint fails to state a claim upon which relief may be granted. Even on an adequately amended complaint, plaintiff's likelihood of success in this matter is far from established. Plaintiff has presented, in his multiple filings herein, a letter from the chief of police stating that his prior medical records have been reviewed and that he is being treated consistent with his diagnosed medical conditions.[2]

While plaintiff disputes these assertions, the existence of this dispute reflects that it has not been established at this juncture that it is more likely than not that plaintiff will prevail. As the Court noted in screening the complaint, if the treating physician at the jail has reviewed plaintiff's prior medical records and simply has come to a different conclusion regarding the appropriate course of care for plaintiff's alleged conditions, then plaintiff likely will not be able to prevail on his claim, even following an amendment. Moreover, plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Viewing both factors together, the Court is not persuaded that exceptional circumstances warrant requesting a private attorney to voluntarily represent plaintiff.

The requests for appointment of counsel therefore will be denied.

### IV.   MOTIONS TO FILE EXHIBITS AND FUGITIVE FILINGS

The Court previously struck a number of filings of exhibits and ordered: "Plaintiff shall file no more exhibits in this action other than exhibits that are filed either in support of a motion or in response to a Court order." (Dkt. no. 10, at 2.) Plaintiff thereafter has continued to file submissions consisting of exhibits or evidentiary statements by plaintiff, letters with evidentiary statements, and motions essentially seeking to file evidentiary materials.

Plaintiff may not file exhibits that are not presented in support of or opposition to a motion. When the Court referred to "exhibits that are filed . . . in support of a motion"

---

[2]Dkt. no. 23, Ex. "G."

the Court was not referring to motions simply to file exhibits. Plaintiff may not clutter the record in this matter with exhibits and/or evidentiary statements. All factual allegations supporting claims must be alleged in properly-presented pleadings. The Court will deny the motions seeking to file exhibits and/or evidentiary statements and will strike the exhibits and/or evidentiary statements filed without a motion. If plaintiff continues to file such materials despite the Court's orders, the Court will enter an order restricting plaintiff's ability to file papers herein and also may impose sanctions, which may range from monetary sanctions drawn from plaintiff's inmate trust account at the jail potentially to dismissal of the action.

## V.   REMAINING MOTIONS AND REQUESTS FOR RELIEF

All remaining motions and requests for relief will be denied. Plaintiff's motion seeking to waive the payment of the full amount of the initial partial filing fee (dkt. no. 26) is moot, following upon plaintiff's payment of the amount required by the prior order. Plaintiff's motions seeking variously a hearing, expedited consideration, to pose questions to the Court, and other miscellaneous relief all in essence sought action in advance of plaintiff presenting a proper pauper application and thereafter satisfying the initial partial filing fee requirement. Plaintiff now must first present an amended complaint that states a claim upon which relief may be granted as explained above before the matter will proceed forward to service on the defendant(s) named.

IT IS THEREFORE ORDERED that the Clerk of Court shall file the complaint and that the complaint is DISMISSED without prejudice for failure to state a claim, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint, if possible.

IT IS FURTHER ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the case number, 2:12-cv-02173-MMD-GWF, above the word "AMENDED" in the space for "Case No."  Under Local Rule LR 15-1, any amended complaint filed

must be complete in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

IT IS FURTHER ORDERED that all motions (dkt. nos. 9, 17-19 & 22-27) are DENIED, for the reasons assigned herein.

IT IS FURTHER ORDERED that the fugitive filings in dkt. nos. 12, 21, 28-29, 31 & 33 shall be STRICKEN.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case.

If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final judgment dismissing this action will be entered without further advance notice.  If the amended complaint does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered.

The Clerk shall send plaintiff a copy of the original complaint that he submitted together with two (2) copies of a § 1983 complaint form and one (1) copy of the instructions for the form.

DATED THIS 18th day of March 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE